# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| COVANTAGE CREDIT UNION, | Civil Action No. 21-cv-00867 |
| Plaintiff, | |
| v. | |
| BLUE CROSS BLUE SHIELD OF MICHIGAN MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

## PROTECTIVE ORDER

Based on the Stipulation of Plaintiff CoVantage Credit Union ("Plaintiff" or "CoVantage") and specially appearing Defendant Blue Cross Blue Shield of Michigan Mutual Insurance Company ("Defendant" or "BCBS Michigan") (CoVantage and BCBS Michigan may be referred to herein as the "Parties"), the Court finds that good cause has been shown for entry of the following Confidentiality Agreement and Protective Order ("Protective Order"), the provisions of which shall facilitate discovery and govern the dissemination and use of confidential, proprietary, or private material produced or filed in the above-captioned action ("Action").

IT IS THEREFORE ORDERED THAT, pursuant to Fed. R. Civ. P. 26(c) and Civil L.R. 26(e):

1. By stipulating to the terms of the Protective Order, BCBS Michigan is not waiving its claims that the Court lacks personal jurisdiction. This Protective Order shall apply to all information, documents, things, responses to discovery, and testimony produced or within the scope of discovery in this litigation, including, without limitation, all documents or things

produced in response to requests for the production of documents and things or subpoenas, answers to interrogatories, responses to requests for admission, testimony adduced at depositions or upon written questions, all other discovery taken pursuant to the Federal Rules of Civil Procedure, and any other information furnished, directly or indirectly, by or on behalf of any party to this litigation or any non-party. The party or non-party producing such information is referred to both in the singular and in the plural hereafter as the "producing party," and any party receiving such information is referred to hereafter as the "receiving party."

2. As used in the Protective Order, these terms have the following meanings:

    (a) "Confidential" documents are documents designated pursuant to paragraph 3.

    (b) "Confidential – Attorneys' Eyes Only" documents are documents designated pursuant to paragraph 4.

    (c) "Documents" are all materials within the scope of Fed. R. Civ. P. 34.

    (d) "Protected Health Information" has the same scope and definition as set forth in 45 C.F.R. § 160.103. Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, individually identifiable health information, including demographic information, relating to: the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. Information that has been de-identified consistent with applicable HIPAA regulations does not constitute Protected Health Information. Without modifying the foregoing, Protected Health Information may include, but is not limited to: (x) medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and may include notes, summaries, compilations, extracts, abstracts or oral communications that

are based on or derived from Protected Health Information, regardless of form or format; and (y) information that contains the following identifiers of a patient/insured/member or of a relative, employer, or household member of a patient/insured/member:

    i. names;

    ii. all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

    iii. all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

    iv. telephone numbers;

    v. fax numbers;

    vi. electronic mail addresses;

    vii. social security numbers;

    viii. medical record numbers;

    ix. health plan beneficiary numbers;

    x. account numbers;

    xi. certificate/license numbers;

    xii. vehicle identifiers and serial numbers, including license plate numbers;

    xiii. device identifiers and serial numbers;

    xiv. web universal resource locators ("URLs");

    xv. internet protocol ("IP") address numbers;

    xvi. biometric identifiers, including finger and voice prints;

    xvii. full face photographic images and any comparable images;

    xviii. any other unique identifying number, characteristic, or code (excluding such numbers, characteristics, or codes permitted under 45 CFR § 164.514(c)); and

Without modifying the foregoing, Protected Health Information may also include the individual electronic records or files contained in encrypted mass storage media used to produce Protected Health Information. Protected Health Information includes individually-identifiable health information that is "[t]ransmitted or maintained in any other form or medium" from electronic media. 45 CFR § 160.103. (Examples of such electronic or other media may include, by way of description and not limitation, paper copies or printouts, facsimiles, unencrypted files, or other mass storage devices upon which such Protected Health Information may be transmitted or maintained).

    (e)    "Written Assurance" means an executed document in the form attached as Exhibit A.

3. By identifying a document or information as "Confidential," a party may designate any document, including interrogatory responses, other discovery responses, or transcripts, or any portions thereof, or any testimony of a party, third party or witness affiliated with a party, that it in good faith contends to be the producing party's sensitive, non-public information, such as marketing and advertising information, "pitches" and similar presentations, and submissions to governmental or private entities.

4. By identifying a document or information as "Confidential – Attorneys' Eyes Only," a party may designate any document, including interrogatory responses, other discovery responses, or transcripts, or any portions thereof, or any testimony of a party, third party or witness affiliated with a party, that it in good faith contends is so highly confidential and/or proprietary that disclosure to a receiving party would harm the producing party's interests. Examples of such information include, but are not limited to, the following:

    (a)    information prohibited from disclosure by statute;

    (b)    information that reveals trade secrets;

4

(c) research, technical, commercial or financial information that the party has maintained as confidential;

(d) competitive technical information;

(e) proprietary computer source code;

(f) competitive business information;

(g) Protected Health Information for any individual as defined above;

(h) personally identifiable information;

(i) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or

(j) personnel or employment records of a person who is not a party to the case.

5. All "Confidential" and "Confidential – Attorneys' Eyes Only" documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in paragraph 6 for documents designated "Confidential" and paragraph 7 for documents designated "Confidential – Attorneys' Eyes Only". Prohibited purposes include, but are not limited to, use for competitive purposes or in any other action.

6. Access to any "Confidential" document or information shall be limited to the following persons and only for the purpose of conducting this litigation:

(a) The Court and persons associated with or employed by the Court, including court reporters and videographers engaged for depositions, whose duties require access to such information.

(b) The parties' counsel, including (1) their outside counsel, and their respective partners, associates, clerks, paralegals, legal assistants and support personnel, and organizations

retained by such attorneys to provide litigation support services in this action and employees of said organizations, but only to the extent that these individuals are working on this litigation at the time of disclosure and have agreed to ensure and maintain the confidentiality of documents shared with them; and (2) the parties' in-house counsel.

(c) Persons shown on the face of the document to have authored or received it, provided the receiving party has no reason to believe the document was not previously reviewed by such person.

(d) Those persons, if any, specifically engaged for the limited purpose of copying, indexing, sorting, or making graphic representations from documents, provided that such persons are advised that the documents are subject to a confidentiality agreement and have agreed to ensure and maintain the confidentiality of documents shared with them.

(e) Up to three (3) current employees, directors, officers, or managers of the parties to this lawsuit, provided that they have signed a Written Assurance in the form of Exhibit A attached hereto. Counsel who makes any disclosure of designated material to such individuals shall retain each original signed Written Assurance.

(f) Designated independent experts or consultants (and the research personnel, assistants, secretarial and clerical staffs of such independent experts or consultants) who are retained or otherwise employed by a party or its attorneys of record in this action to assist in the preparation of the case, such as independent economic, accounting, or scientific experts or technical advisors, and to furnish technical or expert services in connection with this action, or to give testimony with respect to the subject matter thereof for the trial of this action, and (i) who have been designated in writing by notice to counsel for all the other parties to this action and all producing parties prior to any disclosure of any of the producing party's designated material to such persons, giving such noticed parties five (5) business days to mount written objections to the

designation of such persons (as described more fully below), and (ii) who have been provided with a copy of this Protective Order and have signed a Written Assurance in the form of Exhibit A attached hereto (a copy of such signed Written Assurance to be provided promptly to counsel for all other parties and all designating parties by counsel for the party retaining such person). Counsel who makes any disclosure of designated material to such persons shall retain each original signed Written Assurance.

(g)     Mock jurors and jury consultants who have been engaged by the parties and/or the consultants in preparation for trial and who have been provided with a copy of this Protective Order and have signed a Written Assurance in the form of Exhibit A attached hereto. Counsel who makes any disclosure of designated material to such persons shall retain each original signed Written Assurance. For any jury research, an appropriate screening process must be used to assure that the jury consultant(s) and mock jurors selected for any mock jury presentation are not current or former, officers, directors, employees, or consultants of any party or any direct competitors of any party.

(h)     Such other people as hereafter may be designated by written agreement of all parties in this action or by order of the Court permitting such disclosure.

7.     Access to any "Confidential – Attorneys' Eyes Only" information shall be limited to the persons designated in paragraphs 6(a), (b)(1), (c), (d), (f), and (h), and only for purposes of conducting this litigation.

8.     Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Confidential – Attorneys' Eyes Only," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential – Attorneys' Eyes Only" for a period of fourteen

(14) days from the date of their production, and during that period any party may designate such documents as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of the Protective Order.

9. Each person appropriately designated pursuant to paragraph 6(f) to receive "Confidential or "Confidential – Attorneys' Eyes Only" information shall execute a Written Assurance in the form attached as Exhibit A. Opposing counsel shall be notified at least five (5) days prior to disclosure to any person appropriately designated pursuant to paragraph 6(f) to whom designated documents of a producing party are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within five (5) days after receipt of notice, the parties shall attempt to resolve such objection in good faith within ten (10) days of the objection. If the parties are unable to resolve such objection, then the party seeking to make the disclosure may file a motion with the Court seeking approval to do so. No disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party. Should the process of seeking prior approval of the Court extend for a period of time such that preparation of expert reports according to the deadlines of any applicable Scheduling Order proves impractical, the parties agree to cooperate in seeking a reasonable extension of the deadline to exchange expert reports and any subsequent deadlines impacted by the delay.

10. With respect to documents produced by a party, a "Confidential" or "Confidential – Attorneys' Eyes Only" designation shall be made by the producing party at the time of production or as may be agreed to by the parties, by marking the document "Confidential" or "Confidential – Attorneys' Eyes Only." Any response to written interrogatories or requests for admission or any portion thereof that constitutes or contains "Confidential" or "Confidential – Attorneys' Eyes

Only" information shall be labeled or marked with the appropriate legend by the party providing the response.

11. All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated "Confidential" or "Confidential – Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential – Attorneys' Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within thirty (30) days of receipt of the transcript. Unless otherwise agreed, all depositions shall be treated as having been designated "Confidential – Attorneys' Eyes Only" during the 30-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses "Confidential" or "Confidential – Attorneys' Eyes Only" information shall be taken only in the presence of persons who are qualified to have access to such information.

12. Any party who inadvertently fails to identify documents as "Confidential" or "Confidential – Attorneys' Eyes Only" shall have fourteen (14) days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. The receiving party must treat such documents as so designated from the date that such notice is received. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve and return or destroy documents distributed to persons not entitled to receive documents with the corrected designation and to provide written confirmation of such action within ten (10) days.

Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

9

Case 1:21-cv-00867-WCG   Filed 09/16/21   Page 9 of 16   Document 23

13. There is no waiver of or impairment to any claim of the attorney-client privilege, work product immunity, or any other applicable protection from disclosure should material(s) be produced, which the producing party believes is protected from disclosure by such privilege or immunity and which were inadvertently produced. In the event that counsel of record or counsel for a producing party in this action (or a responsible attorney for a non-party) learns that a document or other item subject to immunity from discovery on the basis of attorney-client privilege, work-product or other valid basis has been produced inadvertently, counsel shall notify the receiving party or parties promptly after so learning that such inadvertent production has been made. After receipt of such notice, the receiving party shall not review the content of the inadvertently produced document and within five (5) business days of receiving written notice from the producing party, the receiving party shall take all reasonable measures to return or destroy the originals and all copies of the privileged or immune material(s).

Any analysis, memoranda, or notes discovered through reasonable efforts which were internally generated based upon such inadvertently produced material shall immediately be destroyed. If additional copies of inadvertently produced material or any analysis, memoranda, or notes which were internally generated are subsequently discovered by the receiving party to be within the said receiving party's control, efforts should be made to comply with these provisions. The producing party shall include the inadvertently produced privileged document in its privilege log, including the date, author, addressee(s), and topic of the document and such other information as is reasonably necessary to identify the document and describe its nature.

The receiving party shall not seek an order compelling production of the inadvertently disclosed documents on the ground that the producing party has waived or is estopped from asserting the applicable privilege or immunity on the basis that the document has been voluntarily produced. No use shall be made of such documents or information during deposition or at trial,

10

nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned. Such inadvertent disclosure shall not result in the waiver of any associated privilege or immunity. Counsel shall cooperate to restore the confidentiality of any such inadvertently produced information.

The return of documents or materials by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege, work-product immunity, or any other applicable privilege, nor shall it foreclose the receiving party from moving for an order that such document has been improperly designated as subject to a claim of attorney-client privilege, work-product immunity or any other applicable privilege. Any motion to the Court challenging the producing party's claim(s) of privilege or immunity shall not assert as a ground for production, however, the fact of the inadvertent production, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the privilege log) in any way in connection with any such motion. The parties expressly acknowledge that documents which are inadvertently produced cannot be sequestered by a receiving party for submission to the Court.

14. If material designated "Confidential" or "Confidential – Attorneys' Eyes Only" is disclosed by the receiving party, through inadvertence or otherwise, to any person or party not authorized to receive such designated material under this Protective Order, then the receiving party shall use its best efforts to retrieve immediately all copies of such designated material and to bind such persons or parties to the terms of this Protective Order. The receiving party shall also promptly inform such persons or parties of the terms and provisions of this Protective Order, identify such persons or parties to the producing party immediately, and request such persons or parties execute a Written Assurance in the form of Exhibit A.

15. If a party files a document containing "Confidential" or "Confidential – Attorneys' Eyes Only" information with the Court, it shall do so in compliance with the applicable rules for the Eastern District of Wisconsin and any Order of the Court. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" or "Confidential – Attorneys' Eyes Only," the parties may seek further protections against public disclosure from the Court.

16. Any party may request a change in the designation of any information designated "Confidential" and/or "Confidential – Attorneys' Eyes Only." Any such document shall be treated as it is designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" and/or "Confidential – Attorneys' Eyes Only" in the action may be affected. The party asserting that the material is "Confidential" or "Confidential – Attorneys' Eyes Only" shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

17. Nothing in this Protective Order shall limit any producing party's use of its own documents and information nor shall it prevent the producing party from disclosing its own "Confidential" or "Confidential – Attorneys' Eyes Only" information or documents to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

18. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a subpoena or order to disclose another party's information designated as confidential pursuant to

12

Case 1:21-cv-00867-WCG   Filed 09/16/21   Page 12 of 16   Document 23

this Protective Order shall promptly notify that party of the subpoena or order, and in no event more than ten (10) calendar days after receiving the subpoena or order, so that the producing party may have an opportunity to appear and be heard on whether that information should be disclosed. Such notification must include a copy of the subpoena or order. The receiving party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order.

19. Within sixty (60) days of the termination of this action, including any appeals, each party shall take reasonable efforts to either destroy or return to the opposing party all documents designated by the opposing party as "Confidential" or "Confidential – Attorneys' Eyes Only," and all copies of such documents, and shall take reasonable efforts to destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction as within the 60-day period. Counsel of record shall be entitled to retain, however, one archival copy of all documents filed with the Court, written discovery responses, all documents served on any party, deposition or hearing transcripts and exhibits thereto, and all work-product and/or correspondence generated in connection with the action. This Protective Order and the obligations of confidentiality of each person bound by the Protective Order shall survive and remain in full force and effect after the termination of this litigation.

20. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

21. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to the discoverability or admissibility of evidence.

22. This Protective Order authorizes the disclosure of information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act (the "HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively, the "HIPAA Rules"), including specifically 42 C.F.R. Part 2 and 45 C.F.R. §§ 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, the "Privacy and Security Rules"). This Protective Order constitutes a Qualified Protective Order, as that term is defined in the Privacy and Security Rules. The Parties are expressly prohibited from using or disclosing information protected by the Privacy and Security Rules obtained pursuant to this Protective Order for any purpose other than this action.

Dated at Green Bay, Wisconsin this 16th day of September, 2021.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge

# EXHIBIT A TO PROTECTIVE ORDER

# WRITTEN ASSURANCE

_____ declares that:

I reside at _____in the city of _____ , county _____ , state of _____ ;

I am currently employed by _____ located at _____and my current job title is _____ .

I have read and believe I understand the terms of the Protective Order dated _____ , entered into between the parties to Case No. 21-cv-00867, pending in the United States District Court for the Eastern District of Wisconsin. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to liability or sanction.

I shall not divulge any documents, or copies of documents, designated "Confidential" and/or "Confidential – Attorneys' Eyes Only" pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than thirty (30) days after final termination of this action, I shall destroy or return to the attorney from whom I have received them, any documents in my possession designated "Confidential" and/or "Confidential – Attorneys' Eyes Only", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

15

I submit myself to the jurisdiction of the United States District Court for the Eastern District of Wisconsin for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                      (Date)                                             (Signature)

                                                                         _____
                                                                         (Printed Name)